IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TODD DAVIS and KIM DAVIS

      Plaintiffs,

                                  3:11-CV-317-PK

                                  OPINION AND ORDER

v.

FLAGSTAR BANK, FSB and
NORTHWEST
TRUSTEE SERVICES, INC.,

      Defendants.

_____

PAPAK, Judge:

## INTRODUCTION

    Plaintiffs Todd and Kim Davis (collectively "plaintiffs") brought this action for quiet title

declaratory relief in response to a foreclosure action on their property pursued by defendant

PAGE 1 - OPINION AND ORDER

Flagstar Bank, FSB ("Flagstar Bank") through its trustee, defendant Northwest Trustee Services INC. ("Northwest Trustee"). Now before the court is Flagstar Bank's motion to dismiss for failure to state a claim (#12). For the reasons described below, the motion is granted.

## LEGAL STANDARD

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must take the complaint's allegations of material fact as true and construe them in the light most favorable to the nonmoving party. *Keams v. Tempe Tech. Inst.*, 39 F.3d 222, 224 (9th Cir. 1994). Moreover, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Finally, if the court dismisses for failure to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by alleging other facts. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

To survive a motion to dismiss for failure to state a claim, a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To raise a right to relief above the speculative level, "[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation omitted). Instead, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009), citing *Ashcroft v.*

PAGE 2 - OPINION AND ORDER

*Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009).

## BACKGROUND

On February 26, 2007, plaintiffs Todd and Kim Davis received a loan from Pacific Sunset Mortgage, Inc., signing a first and second deed of trust on their personal residence. (Compl., #1 at ¶ 4.) These trust deeds secured two promissory notes. The note with the earlier recording number, the so-called "senior" note, was for a principal amount of $384,000. *Id.*, Ex. A, at 1. The "junior" note was for $96,000. *Id.*, Ex. B, at 2.

Plaintiffs executed both of the promissory notes in favor of Pacific Sunset Mortgage Inc., which in turn endorsed both to defendant Flagstar Bank. (Morgan Decl., #14, at 5, 8.) Both trust deeds acknowledge Pacific Sunset Mortgage, Inc., as the "lender," but also indicate that after recording they should be returned to Flagstar Bank. (Compl., #1, Ex. A, at 1. Ex. B, at 1.) Plaintiffs accept that the senior note and trust deed were assigned to defendant Flagstar Bank. (Pls.' Resp. #18, at 3.)

On August 3, 2009, Flagstar brought an action in Multnomah County Circuit Court against plaintiffs on the junior note. (Kono Decl., #15, Ex. A.) Flagstar obtained a default judgment in that action for $102,728.28 plus interest. (*Id.* Ex. B.) Plaintiffs subsequently entered a voluntary payment agreement with Flagstar and currently make payments to Flagstar on this judgment. (Compl., #1 at ¶ 6.)

On November 24, 2010, Northwest Trustee, the trustee under the senior trust deed, commenced a foreclosure action on plaintiffs' property by recording a Notice of Default and Election to Sell. (Knutson Decl., #16, Ex. C.) Plaintiffs brought this action for quiet title declaratory relief to enjoin defendants from foreclosing on their property. (Compl., #1 at ¶ 12.)

Defendants voluntarily canceled the foreclosure sale upon receiving notice of this lawsuit. (Pls.' Resp., #18, p. 2.) On May 31, 2011, defendants filed the present motion.

## DISCUSSION

Plaintiffs allege that by filing suit and obtaining a money judgment on the junior note, Flagstar has elected its remedy with respect to plaintiffs' property and cannot subsequently obtain the additional remedy of foreclosure.[1] Plaintiffs argue that the Oregon legislature's 2009 amendment to O.R.S. 86.770, which prevents lenders from "double-dipping" by recovering through judicial foreclosure and then suing for deficiency, warrants courts to expand the doctrine of election of remedies to the current situation. In support of this interpretation of O.R.S. 86.770 plaintiffs argue that *In re Daraee* 279 B.R. 853 (Bankr. Or., 2002) prevents defendants from foreclosing after obtaining a money judgment. However, the plain meaning and the legislative history of O.R.S. 86.770 do not support plaintiffs interpretation of that statute. Furthermore, the case of *In re Daraee* does not apply under these facts.

Prior to its 2009 amendment, O.R.S. 86.770(2) prohibited a party from bringing further action on a single note after a trustee's sale or after a judicial foreclosure, preventing so-called "deficiency judgments." 2007 Or. Laws Ch. 166 (S.B. 322, § 16). It read:

> (2) Except as provided in subsection (4) of this section, no other or further action shall be brought, nor judgment entered for any deficiency, against the grantor, or the grantor's successor in interest, if any, on the note, bond, or other obligation secured by the trust deed or against any other person obligated on such note, bond or other obligation after a sale is made:

---

[1] In their Complaint plaintiffs also alleged that Flagstar and Northwest Trustee could not proceed with a foreclosure sale because all assignments of the trust deed had not been recorded as required by O.R.S. 86.735(1). Plaintiffs dropped this claim and now acknowledge that the recorded documents show the note and trust deed were assigned to Flagstar. (Pls.' Resp., #18, p. 3.)

(a) By a trustee under O.R.S. 86.705 to 86.795; or
(b) Under a judicial foreclosure of a residential trust deed.

The Oregon legislature amended this statute in 2009, broadening the scope of the law and addressing so-called piggyback loans.[2]  The legislature made a slight update to the statute in 2010, and section 2 now reads:

(2) Except in accordance with subsection (4) of this section, after a trustee's sale under O.R.S. 86.705 to 86.795, or after a judicial foreclosure of a residential trust deed, an action for a deficiency may not be brought or a judgment entered against the grantor, the grantor's successor in interest or another person obligated on:

(a) The note, bond or other obligation secured by the trust deed for the property that was subject to the trustee's sale or the judicial foreclosure; or
(b) Any other note, bond or other obligation secured by a residential trust deed for, or mortgage on, the property that was subject to the trustee's sale or the judicial foreclosure when the debt, of which the note, bond or other obligation is evidence:
(A) Was created on the same day as, and used as part of the same purchase or repurchase transaction as, the note, bond or other obligation secured by the foreclosed residential trust deed; and
(B) Is owed to or was originated by the beneficiary or an affiliate of the beneficiary in the residential trust deed that was subject to the trustee's sale or the foreclosure.

2010 Or. Laws 1st Sp. Sess. Ch. 48 (H.B. 3656, § 1).

Plaintiffs contend that recent amendments to O.R.S. 86.770 signify that the doctrine of election of remedies "must logically be expanded" to apply in the instant case.  (Pls' Resp. at 3.) That is, O.R.S. 86.770 should prevent a lender who made two separate loans, on the same date and as part of the same transaction, from suing on one loan and then later foreclosing on the property under the other loan.

Plaintiffs also argue that the case of *In re Daraee* holds that defendants cannot obtain a

---

[2]A piggyback loan is a high interest loan for 20% of a property's value, which takes the place of the down payment on the property and is made at the same time as the traditional 80% home mortgage loan.

Page 5 - OPINION AND ORDER

money judgment, execute thereon, and then collect the deficiency by way of foreclosure. 279

B.R. 853 (Bankr. Or., 2002). Thus, plaintiffs view defendants' conduct here – obtaining a money

judgment on one loan and then foreclosing on another – as an impermissible attempt to

accomplish indirectly what the anti-deficiency statute directly forbids.

Contrary to plaintiffs' assertions, the doctrine of election of remedies does not extend the

reach of O.R.S. 86.770 to the current situation. "The doctrine of election of remedies is designed

to prevent a double recovery for a single wrong; it applies only when the remedies are

inconsistent, contradictory or duplicative." *State ex rel. Washington Cnty. v. Betschart*, 72 Or.

App. 692, 700, 697 P.2d 206 (1985). Default on the junior note and default on the senior note

are separate wrongs, and thus the doctrine of election of remedies does not apply here. Even

assuming, *arguendo*, that the court treated these defaults as a single wrong, there would still not

be a risk of double recovery. Under O.R.S. 86.765(3)-(4), the surplus proceeds from a trustee's

sale go to the grantor of the trust deed. In this case, plaintiffs are the grantors of the trust deed,

and stand to recover any surplus, not the bank. Thus, the doctrine of election of remedies is not

applicable, since there is no risk of defendants reaping a double recovery.

Furthermore, the plain language of the statute indicates that it does not apply to plaintiffs'

situation. The statute indicates that a deficiency action may not be brought "after a trustee's sale

under O.R.S. 86.705 to 86.795, or after a judicial foreclosure of a residential trust deed . . . ."

2010 Or. Laws 1st Sp. Sess. Ch. 48 (H.B. 3656, § 1). Thus, O.R.S. 86.770 prevents deficiency

judgments *after* a lender has foreclosed on a property, but does not address the different scenario

where a lender obtains a money judgment *before* foreclosing.

The legislative history also supports defendants' position that O.R.S. 86.770 does not

apply in this case. The House Committee on Consumer Protection in their summary of the bill indicated "[the bill] is intended to preclude suits against a homeowner following foreclosure for any deficiency remaining on additional notes secured by the property." OR. BILL SUMMARY, H. COMM. ON CONSUMER PROT., 2009 Reg. Sess. H.B. 3004, (Feb. 16, 2009). Here, defendants sought a money judgment on the junior note *before* pursuing foreclosure on the senior note.

Defendants are also correct that *Daraee* does not address the present situation, where there has been an action on one note secured by one trust deed and then a later action on the second note. In *Daraee*, a lender gave two loans to the same borrower, secured by the same property, approximately nine months apart. 279 B.R. 853, 854 (Bankr. Or., 2002). The borrower subsequently defaulted on both loans, and the lender sued and won a money judgment on both loans. *Id.* at 855. The borrowers filed for bankruptcy, and the lender argued it still had a valid security interest in the trust deeds from the loans, and could thus foreclose on the debtors' home. *Id.* at 856. The court disagreed, finding that allowing the foreclosure action to proceed would allow the lender to do indirectly what the anti-deficiency statutes prohibit directly. *Id.* at 858. That is: "a creditor who elects to sue on a note secured by a residential deed of trust and obtains judgment on that suit thereby waives its trust deed lien." *Id.*

Unlike in *Daraee*, plaintiffs still have outstanding debts to defendants that have not been settled, either through money judgment or foreclosure. *Daraee* would be controlling precedent only if defendants had sued on both junior and senior notes, and subsequently tried to foreclose on the deeds of trust. *Daraee* only stands for the proposition that if a lender sues under both notes secured by both trust deeds, it no longer has the right to foreclose under either trust deed. Plaintiffs' attempts to make *Daraee*'s reasoning fit their case fails.

Page 7 - OPINION AND ORDER

Underlying plaintiffs' argument are policy concerns that defendants' have effectively pursued a deficiency judgment in disguised form. But the policy ramifications of plaintiffs' ultimate position are untenable. By making banks "elect their remedy," plaintiffs' position would give banks incentive to prematurely elect the remedy of the foreclosure, to the disadvantage of the borrower. If a bank sued for a money judgment after a default on the relatively small junior loan, it would lose the ability to foreclose on the property later if the borrower defaulted on the more substantial senior loan. Because of this "use it or lose it" position, a bank would inevitably elect to foreclose after a default on the junior loan, a clearly undesirable result.

The bank's conduct in this case was sensible and even favorable to plaintiffs. It sued on the junior note that was in default, giving plaintiffs an opportunity to remain in their home and stay current on their senior note payments. Moreover, there are no allegations that the bank fraudulently induced the plaintiffs to take the loan. This further supports the propriety of the bank's behavior.

Finally, I need not address defendants' argument that O.R.S. 86.770 cannot apply because plaintiffs brought this action before the 2009 amendment to O.R.S. 86.770 took effect. Even assuming the statute applies, its plain meaning and the legislature's intent in adopting it are sufficiently clear. O.R.S. 86.770 does not prohibit defendants' conduct in this case. Thus, even accepting plaintiffs' allegations and construing them in the most favorable light, plaintiffs' complaint does not create a plausible basis for relief.

///

///

///

Page 8 - OPINION AND ORDER

## CONCLUSION

For the foregoing reasons defendant Flagstar Bank's motion to dismiss (#12) is granted.

Further, although defendant Northwest Trustee has not moved to dismiss plaintiffs' complaint,

plaintiffs voluntarily abandon their only allegation against Northwest Trustee.  Accordingly,

judgment is entered in favor of both defendants.

Dated this 8th day of August, 2011

Honorable Paul Papak
United States Magistrate Judge

Page 9 - OPINION AND ORDER